IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HENRY FRYE, JR., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) |
| ATLANTIC CREDIT & FINANCE SPECIAL FINANCE UNIT III LLC, | ) ) ) |
| Defendant. | ) ) |

## COMPLAINT

### INTRODUCTION

1.  Henry Frye, Jr. seeks redress from the illegal practices of Atlantic Credit & Finance Special Finance Unit III LLC ("Atlantic"), contrary to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), and state law.

### JURISDICTION AND VENUE

2.  Subject matter jurisdiction exists under 15 U.S.C. §1692k, and 28 U.S.C. §§1331, 1337 and 1367.

3.  As defendant's conduct took place in this District, and because it does business here, personal jurisdiction and venue are proper here.

### PARTIES

4.  Frye lives in Round Lake, Illinois.

5.  Atlantic – a limited liability company organized under Virginia law which does business in Illinois, which is located at 3353 Orange Avenue, Roanoke, Virginia 24012, and whose registered agent is Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, Illinois 62703 – purchases defaulted consumer debts originally owed by others, and then attempts collection by suing on those alleged debts, using the mail, telephone and electronic wire services to do so, all in the general course of trade and commerce. The actions it took against Frye (as alleged herein) were done in the course of its commercial activities.

6.  Atlantic is a "debt collector," as that term is defined in 15 U.S.C. §1692a. It is

also a "collection agency," as that term is defined in the Illinois Collection Agency Act, 225 ILCS 425/1 *et seq.* ("ICAA"), and specifically 225 ILCS 425/3(d), which includes anyone who "buys accounts, bills or other indebtedness and engages in collecting the same." *LVNV Funding LLC v. Trice*, 2015 IL 116129, ¶¶22-25, __ N.E.3d __ (Feb. 27, 2015).

## FACTS

7. In August 2009, Frye paid the full amount owed on a Citibank credit card account (with an account number ending in 2995), through a home equity loan that paid off a number of debts. (Exhibit A.) The Citibank debt was incurred for personal, family or household purposes.

8. On October 22, 2014, Atlantic sued Frye in order to collect on the same Citibank credit card account, in the case of *Atlantic Credit & Finance Special Finance Unit III LLC v. Frye*, No. 14 SC 6461 (19th Jud. Cir. Ct. (Lake Co., Ill.). (Exhibit B.)

9. The complaint – including an affidavit attached to it – alleged that the Citibank credit card account was owned by Atlantic, that it remained outstanding, and that Frye owed a balance of $7,313.79.

10. Atlantic's affiant claimed that she had "access to pertinent records of this account maintained on behalf of [Atlantic] by its agents."

11. Atlantic generates large numbers of similar affidavits, with minimal if any basis.

12. Citibank sells purported debts to debt buyers such as Atlantic with (A) disclaimers of warranties and representations, or (B) drastic limitations of remedies that make it unreasonable for Atlantic to rely on any documents or information, or (C) both of these. As such, affidavits by Atlantic employees, claiming that named individuals owe money on Citibank accounts, are unreliable.

13. On November 11, 2014, Frye sent Atlantic, by its attorney, a letter disputing the debt. (Exhibit C.)

14. On December 1, 2014, plaintiff brought proof of payment to court, and showed it to Atlantic's attorney. Frye then asked Atlantic's attorney to dismiss the case. The case was not dismissed.

15. On January 28, 2015, plaintiff's wife sent to Atlantic's counsel, a further letter requesting dismissal of the case.  (Exhibit D.)

16. On January 29, 2014, plaintiff's wife sent Atlantic's counsel an e-mail requesting dismissal of the case.  (Exhibit E.)

17. As of March 10, 2015, the case is still pending.

18. Plaintiff has lost time from work on account of defendant's conduct, thus causing actual damage.  Furthermore, defendant's conduct has generally annoyed and harassed him, causing further actual damage.

19. Under 15 U.S.C. §1692d,

> **a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt....**

20. Under 15 U.S.C. §§1692e, 1692e(2)(A), 1692e(8) and 1692e(10),

> **a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section....**
>
> **(2)    The false representation of –**
>
> > **(A)    the character, amount, or legal status of any debt.... [or]**
>
> **(8)    Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.... [or]**
>
> **(10)   The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer....**

21. Under 225 ILCS 425/9(13), 425/9(18), 425/9(20), 425/9(26) and 425/9(31), collection agencies may not take actions including

> **(13)   Disclosing or threatening to disclose information adversely affecting a debtor's reputation for credit worthiness with knowledge the information is false.... [or]**
>
> **(18)   Disclosing or threatening to disclose information concerning the existence of a debt which the debt collector knows to be reasonably disputed by the debtor without disclosing the fact that the debtor disputes the debt.... [or]**

> **(20) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist.... [or]**
>
> **(26) Misrepresenting the amount of the claim or debt alleged to be owed.... [or]**
>
> **(31) Engaging in dishonorable, unethical, or unprofessional conduct of a character likely to deceive, defraud, or harm the public.**

22. Consumers may seek relief from ICAA violations through private actions. *Sherman v. Field Clinic*, 74 Ill.App.3d 21, 29-30; 392 N.E.2d 154, 161 (1st Dist. 1979). *Accord*, *Grant-Hall v. Calvary Portfolio Services LLC*, 856 F.Supp.2d 929, 940 (N.D.Ill. 2012).

23. Under the Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.,* and specifically 815 ILCS 505/2,

> **unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in [810 ILCS 510/2] in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.**

24. Atlantic attempted to deceive Frye by falsely claiming that he still owed money on the debt alleged in the complaint it filed against Frye, in the hope that Frye would rely on that representation and pay Atlantic money. Frye was induced into action by this misconduct, in the form of attending court on a meritless claim and losing time from work as a result, thus injuring him.

25. Atlantic's conduct was generally unfair, oppressive and unscrupulous.

26. Atlantic's conduct generally wasted the resources of Frye, and the judiciary, on a meritless claim, in violation of the FDCPA and ICAA, and thus contrary to public policy.

## COUNT I – FAIR DEBT COLLECTION PRACTICES ACT

27. Based on the foregoing allegations, defendant violated the FDCPA.

WHEREFORE, judgment should be given in plaintiff's favor, awarding

   (A)   statutory damages,

   (B)   actual damages,

    (C)    attorney's fees, litigation expenses and costs of suit, and

    (D)    all other proper relief.

### COUNT II – ILLINOIS COLLECTION AGENCY ACT

28.    Based on the foregoing allegations, defendant violated the ICAA.

WHEREFORE, judgment should be given in plaintiff's favor, awarding

    (A)    actual and punitive damages,

    (B)    costs of suit, and

    (C)    all other proper relief.

### COUNT III – CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

29.    Based on the foregoing allegations, defendant violated the Consumer Fraud Act.

WHEREFORE, judgment should be given in plaintiff's favor, awarding

    (A)    actual and punitive damages,

    (B)    injunctive relief,

    (C)    attorney's fees, litigation expenses and costs of suit, and

    (D)    all other proper relief.

                                                     s/Daniel A. Edelman
                                                     Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Thomas E. Soule
EDELMAN COMBS LATTURNER & GOODWIN LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com

### JURY DEMAND

Plaintiff respectfully demands a trial by jury.

                                                     s/Daniel A. Edelman
                                                     Daniel A. Edelman

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/Daniel A. Edelman
Daniel A. Edelman

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

s/Daniel A. Edelman
Daniel A. Edelman